# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL NO. 09-200-P-H |
| | ) |
| AHMED YUSUF GULED AND | ) |
| DAHABO ABDULLE OSMAN, | ) |
| | ) |
| Defendants | ) |

## BENCH TRIAL RULING ON GOVERNMENT'S REQUESTS FOR FORFEITURES

On June 24, 2010, a jury convicted the defendants Ahmed Yusuf Guled and Dahabo Adbulle Osman on all but one count of a twenty-three count Indictment primarily involving health care fraud. (Osman was acquitted of Count 16.) The Indictment also contains two criminal forfeiture allegations against both defendants. Indictment ¶¶ 65-72 (Docket Item 3). On the first day of trial, the parties agreed that the forfeiture issues should be tried to the bench, not the jury, as the law provides for the money judgments the government requested without a jury determination. See Fed. R. Crim. P. 32.2(b)(1)(A). At the close of the trial, I directed the parties to brief the forfeiture issues. No party has requested any further evidentiary hearing beyond the evidence presented at trial. See Fed. R. Crim. P. 32.2(b)(1)(B). The defendant Guled has filed nothing, and I take this to mean that he does not contest the two forfeitures sought against him, as his lawyer had intimated

would be the case if he were to be convicted. I therefore **ENTER** the Preliminary Order of Forfeiture against him as requested by the government. The defendant Osman has filed a legal memorandum objecting to part of the two forfeitures requested against her, and I deal with her arguments in this opinion.

### FIRST CRIMINAL FORFEITURE ALLEGATION

In its "First Criminal Forfeiture Allegation," the government seeks forfeiture against Osman of $61,176.52 under 18 U.S.C. § 982(a)(7). Indictment ¶ 66. In cases of health care offenses (the conspiracy conviction in Count 1 here qualifies), that statute provides that a defendant shall "forfeit property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense." 18 U.S.C. § 982(a)(7). Here, the $61,176.52 is the gross proceeds traceable to the commission of the conspiracy offense. In her argument, the defendant Osman does not contest that this is the amount that the conspiracy caused MaineCare (part of the Maine Department of Health and Human Services) to disburse to home care agencies in connection with her compensation as Guled's personal care assistant, but she says that she was actually paid only $39,696 of that amount. Def.'s Mem. Concerning Forfeiture Counts at 2 (Docket Item 107). Osman argues that 18 U.S.C. § 982(a)(7) does not allow recovery "of any property which was not actually realized by the defendants as the result of their criminal conduct," id. at 2, and that "'gross proceeds' should be considered the total amount of profit *realized by* the defendants, or the total amount of their 'receipts,'" id. at 3 (emphasis added). Osman is wrong. In a

conspiracy, a co-conspirator is liable to forfeit any foreseeable amounts handled by others, whether or not she actually possessed the money. See United States v. Hurley, 63 F.3d 1, 22 (1st Cir. 1995) (interpreting 18 U.S.C. § 1963(a)(3) (requiring forfeiture of "any property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity or unlawful debt collection"); United States v. Reiner, 500 F.3d 10, 18 (1st Cir. 2007) (confirming Hurley); see also United States v. Spano, 421 F.3d 599, 603 (7th Cir. 2005) ("[T]he proceeds of a conspiracy are a debt owed by each of the conspirators."). I find that the government's proof meets that standard.

### SECOND CRIMINAL FORFEITURE ALLEGATION

The government seeks forfeiture of $34,168.50 from Osman under 18 U.S.C. § 981(a)(1)C). Gov't's 2d Suppl. Trial Br. at 3, 5 (Docket Item 106). That statute provides for forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . an offense constituting 'specified unlawful activity' [under] section 1956(c)(7). . . . " 18 U.S.C. § 981(a)(1)(C). Section 1956(c)(7) refers to an offense under 18 U.S.C. § 641, "relating to public money, property, or records," 18 U.S.C. § 1956(c)(7)(D), the subject of Osman's conviction for theft of Supplemental Security Income ("SSI") benefits in Count 11, see Indictment ¶¶ 36-38. Osman does not contest the forfeiture amount of $13,783.00 for the SSI benefits.

The government also seeks recovery of $9,278 for theft of Supplemental Nutrition Assistance Program ("SNAP") benefits (food stamps) and $11,107.50 for theft of Temporary Assistance for Needy Families ("TANF") benefits (welfare)

under the same theft-of-public-money argument. Gov't's 2d Suppl. Trial Br. at 5. Osman requests that that portion of the forfeiture be reduced by $6,703 to reflect her acquittal on Count 16 (false statement in connection with obtaining MaineCare, TANF, and SNAP). Def.'s Mem. Concerning Forfeiture Counts at 6.

In other words, Osman does not oppose forfeiture against her of $27,465.50 individually, and will be jointly and severally liable with Guled for $61,176.52. Given what I heard at trial, I have monumental doubt that Osman can pay any amount of the requested forfeitures. (Presumably she will be ordered to pay some amount of restitution at sentencing in any event.) Therefore, I cannot imagine that the $6,703 deduction she requests has anything but academic interest to the government. Before I invest judicial time and energy in reviewing the record to determine this issue and assessing the significance of the Count 16 acquittal (I recognize the different burdens of proof between criminal conviction and forfeiture), I **DIRECT** the government to notify the court by July 26, 2010, whether it presses the $6,703 forfeiture and, if so, why. If it does not press the amount, then I shall promptly enter the second Preliminary Order of Forfeiture reflecting the deduction.

**SO ORDERED.**

**DATED THIS 15TH DAY OF JULY, 2010**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**